IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| AIMING WANG ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 3:25-cv-3342 |
| ) | |
| MEMORIAL MEDICAL CENTER d/b/a, ) | |
| SPRINGFIELD MEMORIAL HOSPITAL ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES, Plaintiff, AIMING WANG, by and through their undersigned Attorneys, the Law Offices of GOLDMAN & EHRLICH, CHTD., and as their Complaint against Defendant, Memorial Medical Center d/b/a Springfield Memorial Hospital, states as follows:

### NATURE OF THE ACTION

This is an action alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; 42 U.S.C. § 1981; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, as amended; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*; the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1-101 *et seq.*; for breach of contract under Illinois law; the Illinois Whistleblower Protection Act. 740 ILCS 174/ *et seq.*; and the for retaliatory discharge in violation of public policy under Illinois law.

### JURISDICTION, VENUE, AND PARTIES

1. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 and 1367.
2. Venue is proper because Defendant conducts business within the Central District of Illinois and the acts giving rise to this action occurred in this District.
3. Plaintiff, Aiming Wang, is a Certified Registered Nurse Anesthetist ("CRNA").

4. Defendant, Memorial Medical Center d/b/a Springfield Memorial Hospital, is a hospital and healthcare system located in Springfield, Illinois.

5. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR") (EEOC Case No. 21BA41319; IDHR Case No. 2025SA0065).

6. On August 14, 2025, the IDHR issued a Notice of Right to Sue within ninety days (November 12, 2025). On September 3, 2025, Plaintiff requested that the EEOC issue a Notice of Right to Sue pursuant to 29 C.F.R. § 1601.28. Plaintiff has not yet received the EEOC right-to-sue letter but will seek leave to amend this Complaint once it is issued.

## FACTUAL BACKGROUND

7. Defendant hired Plaintiff as a CRNA on or about January 3, 2006.

8. Plaintiff completed a probationary period through June 2006, after which she was designated as a staff CRNA.

9. Plaintiff's duties included providing anesthesia care to patients during surgical procedures and, at times, training anesthesia students.

10. Throughout her employment, Plaintiff provided safe and effective care and frequently exceeded Defendant's performance expectations.

11. At all relevant times, Plaintiff reported to Lori Carter, Director of the Anesthesia Department.

12. In the years leading up to her termination, Plaintiff was subjected to harassment and discrimination on the basis of her race, including but not limited to:

   a. Failing to inform Plaintiff that she was eligible for FMLA coverage for her medical absences when the Plaintiff started to have frequent illness (Later determined to be due

to exposure to bone cements used in orthopedic cases), exposing her to disciplinary risk;

b. Calling Plaintiff out of surgery to inform her that a coworker had accused her of "messing up a bathroom";

c. Assigning Plaintiff excessive and more difficult cases while assigning white CRNAs lighter workloads;

d. Criticizing Plaintiff's handwriting and speech;

e. Issuing complaints against Plaintiff without hearing her side of the story;

f. Speaking to Plaintiff in a condescending and belittling manner;

g. Excluding Plaintiff from introductions to new staff and denying her opportunities to serve as a resource for new CRNAs;

h. Failing to pay overtime and other earned and entitled retirement matching for work performed in September 2023; and

i. Disciplining Plaintiff for minor errors while white CRNAs who caused patient injury or death were not similarly disciplined.

13. Similarly situated non-Asian CRNAs were not subjected to this treatment.

14. On or about November 1, 2023, Defendant terminated Plaintiff's employment for alleged performance issues.

15. Defendant's stated reasons for termination were pretextual and motivated by discrimination.

16. Similarly situated non-Asian CRNAs who committed more serious errors resulting in injury or death were not discharged.

## COUNT I – HARASSMENT AND DISCRIMINATION BASED ON RACE (ASIAN)

17. Plaintiff realleges and reincorporates paragraphs 1 through 16.

18. Defendant harassed and discharged Plaintiff because of her race in violation of Title VII, 42 U.S.C. § 1981, and the IHRA.

19. As a result, Plaintiff lost wages and employment benefits.

20. Plaintiff has suffered mental anguish and emotional distress and is entitled to compensatory damages.

21. Defendant's conduct was willful and intentional, entitling Plaintiff to punitive damages.

22. Plaintiff is also entitled to reasonable attorney fees and costs.

## COUNT II – DISCRIMINATION BASED ON DISABILITY

22. Plaintiff realleges and reincorporates paragraphs 1 through 16.

23. For many years, Plaintiff suffered from medical conditions initially believed to be chronic fatigue syndrome, mononucleosis, or lymphoma.

24. In August 2018, Plaintiff was evaluated at the Mayo Clinic, which determined that her illness was caused by repeated exposure to environmental elements. It was later determined that she suffered adverse reactions to bone cement used in orthopedic surgeries.

25. Even after being excused from orthopedic cases, Plaintiff continued to experience symptoms due to vapors from nearby procedures and from her prior exposure.

26. These conditions constitute disabilities under the ADA and the IHRA.

27. Defendant failed to inform Plaintiff of her right to FMLA leave and instead penalized her for absences related to her disability.

28. Plaintiff also underwent hand and elbow surgery in October 2023, requiring medical leave.

29. On or about November 1, 2023, shortly after returning from leave, Plaintiff was terminated for alleged performance issues.

30. Defendant's stated reasons for termination were pretextual.

31. Similarly situated non-disabled CRNAs who committed more serious errors resulting in injury or death were not discharged.

32. Defendant terminated Plaintiff because of her disability in violation of the ADA and IHRA.

33. As a result, Plaintiff lost wages and benefits, and suffered emotional distress, entitling her to compensatory damages.

34. Defendant's conduct was willful and intentional, entitling Plaintiff to punitive damages.

35. Plaintiff is also entitled to reasonable attorney fees and costs.

### COUNT III – AGE DISCRIMINATION

35. Plaintiff realleges and reincorporates paragraphs 1 through 16.

36. Plaintiff was 56 years old at the time of her termination on or about November 1, 2023.

37. Defendant's stated reasons for termination were a pretext for age discrimination.

38. Similarly situated younger CRNAs who committed more serious errors resulting in injury or death were not discharged.

39. Defendant terminated Plaintiff in violation of the ADEA and the IHRA.

40. As a result, Plaintiff lost wages and employment benefits and suffered emotional distress, entitling her to compensatory damages.

41. Defendant's conduct was willful and intentional, entitling Plaintiff to liquidated damages.

42. Plaintiff is also entitled to reasonable attorney fees and costs.

### COUNT IV – BREACH OF CONTRACT

42. Plaintiff realleges and reincorporates paragraphs 1 through 16.

43. On or about August 31, 2021, Plaintiff and Defendant entered into a Retention Agreement. A true and correct copy is attached as Exhibit A.

44. The Agreement commenced upon execution and continued through on or about August 31, 2026, automatically renewing for successive one-year terms thereafter.

45. The Agreement limited both parties' rights to terminate Plaintiff's employment during the initial five-year term.

46. It enumerated twelve specific circumstances under which Defendant could immediately terminate Plaintiff's employment.

47. None of those circumstances existed when Defendant terminated Plaintiff on or about November 1, 2023.

48. The Agreement provided no other lawful basis for termination during that period.

49. Plaintiff fully performed her contractual obligations.

50. Defendant breached the Agreement by terminating Plaintiff's employment in violation of its terms.

51. As a direct and proximate result, Plaintiff suffered financial loss and other damages.

**COUNT V – VIOLATION OF THE ILLINOIS WHISTLEBLOWER PROTECTION ACT**

52. Plaintiff realleges and incorporates by reference paragraphs 1 through 16.

53. In June 2023, Plaintiff's supervisor asked why she would not "do what others do" and administer the drug propofol instead of ketamine and precedex.

54. Plaintiff responded that she had concerns about the administration of only propofol and its effects on patient health and safety and the need of using other drugs for anesthesia care.

55. In retaliation for Plaintiff's expression of these concerns, Defendant terminated her employment in violation of the Illinois Whistleblower Protection Act, 740 ILCS 174/1 *et seq.*

56. As a result, Plaintiff lost wages and employment benefits and suffered emotional distress, entitling her to compensatory damages.

57. Plaintiff is also entitled to reasonable attorney fees and costs.

**COUNT VI – RETALIATORY DISCHARGE IN VIOLATION OF PUBLIC POLICY**

58. Plaintiff realleges and incorporates by reference paragraphs 1 through 16 and paragraphs 52 through 55.

59. Defendant retaliated against Plaintiff by terminating her following her refusal to engage in conduct that she believed jeopardized patient and public safety, in violation of clearly mandated public policy in Illinois.

60. As a result, Plaintiff lost wages and employment benefits and suffered emotional distress, entitling her to compensatory damages.

61. Defendant's conduct was willful and intentional, entitling Plaintiff to punitive damages.

62. Plaintiff is also entitled to reasonable attorney fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, awarding:

    a. Pecuniary and non-pecuniary compensatory damages;

    b. Liquidated damages;

    c. Punitive damages;

    d. Civil penalties;

e.  Reasonable attorney's fees and costs; and

f.  Such other and further relief as the Court deems just and proper.

                                                      Jonathan Goldman of the Law Offices
of Goldman & Ehrlich, Chtd., as
Attorney for Plaintiff

Jonathan C. Goldman
Tad Weber Arnold
Law Offices of Goldman & Ehrlich, Chtd.
53 W. Jackson Blvd., Suite 815
Chicago, IL 60604
(312) 332-6733
jon@goldmanehrlich.com
web@goldmanehrlich.com